STATE of Iowa, Appellee,

v.

Marcia L. SHAFFER, Appellant.

No. 94–1500.

Supreme Court of Iowa.

June 21, 1995.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. Polk County Public Defender, for appellant.

Thomas J. Miller, Atty. Gen., Julie H. Brown, Asst. Atty. Gen., William Byers, County Atty., and James Ballard, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

CARTER, Justice.

Defendant, Marcia L. Shaffer, appeals from a judgment convicting her of the aggravated misdemeanor of maliciously administering poison to an animal in violation of Iowa Code section 717.1 (1993). The case was tried to the court. It appeared from the evidence that defendant was severely angered when her former boyfriend married another woman. In expressing that anger, she threatened to poison that woman's dog. Ultimately, the evidence reflects, defendant mixed antifreeze with hamburger, unlawfully entered upon the property of the dog's owner, and left the poisoned mixture in the vicinity of the dog's kennel. The dog died from eating the mixture.

Defendant's primary defense to the charge against her and her sole argument on this appeal is the contention that the killing of a dog not wearing a license tag required by law is legally justified. This claim is predicated on her interpretation of a statute, which reads as follows:

> It shall be lawful for any person, and the duty of all peace officers within their respective jurisdictions unless such jurisdiction shall have otherwise provided for the seizure and impoundment of dogs, to kill any dog for which a license is required, when such dog is not wearing a collar with license tag attached as herein provided.

Iowa Code § 351.26 (1993).

It was stipulated at trial that the dog in question was not wearing a collar with an attached license tag during the period when the poisoning took place and its death occurred. It appeared from the evidence viewed most favorably toward the State that the dog, which was then more than four years of age, was not permitted to run at large during the times relevant to this case. Notwithstanding this fact, at the time relevant here, the age of the dog required the wearing of a license tag attached to its collar at all times. Iowa Code §§ 351.1, .8 (1993). We must therefore decide whether the unlawful failure to affix a license tag to the dog justified the defendant's actions within the context of the criminal offense with which she was charged. We are convinced on the present facts that it does not.

The State urges that this issue was settled in the civil case of *Mendenhall v. Struck*, 207 Iowa 1094, 224 N.W. 95 (1929). That action was a suit for damages as a result of the defendant shooting a mother dog and several

pups on the property of the dogs' owner. A prior version of the statute that is now section 351.26, containing nearly identical language, was invoked as a defense.

Recovery of damages for the killing of the pups involved in *Mendenhall* was approved on the basis that under the statutes then in force, pups of that age had been expressly designated as property but were not required to be licensed. In upholding the denial of recovery for the killing of the pups' mother, the opinion appears to rest on the ground that an owner of a dog required to be licensed that has not properly tagged the animal has no property interest in the dog. Consequently, as the defendant in the present case observes, the version of section 351.26 then in force did not directly affect the result in that case.

Although concededly not necessary to the decision, this court in *Mendenhall* did refer to the statutory predecessor to section 351.26 in the following manner:

> There is one thing certain, that the General Assembly in the enactment of section 5448 [the statutory predecessor to section 351.26] did not contemplate, intend, or give the privilege to any person to invade the premises or the home of any owner of a dog and kill said dog. The method adopted by the defendant bears on the question of malice. Clearly the Legislature never intended by this statute to permit an illegal or wrongful act in order to exercise the privilege granted.

*Mendenhall*, 207 Iowa at 1098, 224 N.W. at 97. The concept that *Mendenhall* suggests concerning not permitting an illegal or wrongful act in order to exercise the privilege granted under section 351.26 was fortified in *City of Davenport v. Claeys*, 254 Iowa 907, 119 N.W.2d 755 (1963). In that case,

the defendant had been convicted of discharging a firearm within the city limits in violation of a local ordinance. He defended on the basis that the gun was being used to kill an unlicensed dog pursuant to the privilege granted him under section 351.26. This court held that any right to kill an unlicensed dog under section 351.26 did not excuse the violation of the local firearms ordinance.

Defendant urges that, unlike the *Claeys* case, the gravamen of the present criminal charge is the killing of the dog and not the means employed to accomplish that task. Thus, she argues, the privilege granted by section 351.26 relates directly to the offense. This analysis is not entirely accurate. Perhaps for the very purpose of avoiding the implication of section 351.26 the trial information in the present case charged the defendant with the offense of "maliciously administer[ing] poison; to-wit: antifreeze, to an animal or ... expos[ing] a poisonous substance; to-wit: antifreeze, to an animal with the intent that the animal ingest the poisonous substance." The district court's finding of guilt was expressly predicated on the elements of that charge.[1]

Section 717.1 separately criminalizes (1) the malicious killing of an animal, (2) the malicious administration of poison to an animal, and (3) exposure of a poisonous substance with the intent that it be taken by an animal.[2] Consequently, as was the case in *Claeys*, the means employed to kill the dog was itself a criminal offense separately punishable as such without regard to whether an animal was killed. We conclude that section 351.26 did not provide defendant with a legal privilege to commit the acts on which her conviction rested.

---

1. The court found in this regard that the defendant

> did leave antifreeze-laced meat in the doghouse utilized by the dog of Nicole Brown, knowing that said dog would subsequently be in the vicinity of the doghouse. That in doing so, she administered poison or a poisonous substance to said dog.... The Court further finds beyond a reasonable doubt, that all of said actions of the Defendant were done with malice toward Nicole Brown.

2. The text of Iowa Code § 717.1 (1993) reads as follows:

> Any person who, having no right to do so, shall maliciously kill, maim, or disfigure any animal of another, or *maliciously administer poison to any such animal, or expose any poisonous substance with the intent that the same should be taken by any such animal*, shall be guilty of an aggravated misdemeanor.

(Emphasis added.)

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**